**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50740
No. 08-50827
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUMALDO GALINDO-ARAUJO;
CLEMENTE CAYETANO ARAGON-TARANGO,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas
No. 4:08-CR-70-5

Before SMITH, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rumaldo Galindo-Araujo and Clemente Aragon-Tarango appeal the sentences imposed following their guilty plea convictions of aiding and abetting possession with the intent to distribute marihuana. They argue that the district court erred in calculating their base offense levels because the court considered the methamphetamine found in one of the five backpacks seized by Border Patrol agents. They contend that they had no knowledge of the methamphetamine and no intent to possess it, so they cannot be held responsible for it.

A defendant's knowledge of the type of drug he is carrying is not necessary for the drug to be used in the calculation of his sentence. *United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999); *United States v. Gamez-Gonzalez*, 319 F.3d 695, 700 (5th Cir. 2003). It is undisputed that defendants were found with three other persons, all of whom were responsible for the five backpacks containing marihuana and methamphetamine. Therefore, consideration of the methamphetamine in calculating the base offense levels was not clearly erroneous. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Accordingly, the judgments are AFFIRMED.